KENNEDY, Justice.
The plaintiff, Daniel R. Farnell, appeals from the trial court’s judgment in favor of the defendants, the State of Alabama; Governor Fob James in his official capacity as Governor, substituted for former Governor Jim Folsom, Jr.; Jim Bennett as secretary of state; and Robert Childree as state comptroller (all referred to collectively as the “State”). This action seeks emergency in-junctive and declaratory relief. It challenges the constitutionality of Act No. 94-611, Ala. Acts 1994, also known as Proposed Constitutional Amendment No. 1.
This action centers on the necessity for submitting Act No. 94-611 to a statewide vote on November 8, 1994, and whether the ballot submitted to the voters clearly indicat- ' ed to the voters the true nature and effect of Act No. 94-611. Farnell’s contention is that the ballot language regarding Act No. 94-611 is ambiguous and misleading. Farnell argues that while the November 8, 1994, ballot language was retrospective in meaning, § 1(f) of the Act may be both retrospective and prospective in effect. Farnell claims that § 1(f) and the ballot language can not be reconciled, are not the same in meaning or context, and are so different as to raise serious doubt as to their validity under the Constitution of Alabama of 1901.
Section 1(f) of Act No. 94r-611 provided: “[Notwithstanding any provision of the Constitution of Alabama of 1901, to the contrary, all constitutional amendments which have been adopted by majority vote of the appropriate electorate pursuant to Amendment No. 425, to the Constitution of Alabama 1901, are hereby ratified and confirmed.”
Farnell alleged in his complaint that the omission from the ballot of the substance or subject matter of each of the 81 amendments previously adopted under Amendment 425, as ratified and confirmed by the adoption of Act No. 94-611, violated § 285 of the Constitution of Alabama of 1901. Farnell suggests that the subsection (f) phase, “constitutional amendments which have been adopted by majority vote of the appropriate electorate pursuant to Amendment No. 425” could be interpreted as applying to amendments adopted in the future. He also says that it could be viewed as ratifying and confirming constitutional amendments that had been previously approved pursuant to Amendment No. 425, that is, with approval that had taken place sometime in the past. The basis of Farnell’s argument centers around the contention that Proposed Amendment No. 1 did not clearly indicate to the voters the actual text of Act No. 94-611.
The State argues that the passage of Act No. 94-611 as an amendment to Amendment 425 does not have the effect of requiring a statewide vote to ratify local amendments to be added in the future, as Farnell contends it does. Also, Act No. 94-611 as a whole, the State argues, has prospective application regarding the implementation of the local constitutional amendment commission, but, the *664 State argues, § 1(f) has no prospective application.
The State asserts that FarnelTs argument that § lffi of Act No. 94-611 requires a statewide vote to ratify future amendments is simply illogical. Under the Act, only voters in a local district would approve amendments promulgated by the Legislature as local amendments, unless the local amendment commission determined by majority vote that the amendment had multi-district effect.
Our review of the record and facts shows no error in the trial court’s findings and determinations, and we hereby adopt the trial court’s order, which reads as follows:
“The Court concludes that neither Act 94-611 nor the manner [by which] it was submitted to the electors contravenes the Alabama Constitution, §§ 42, 43, 44, 284, 285, 286, 287, and 328, nor does it not satisfy § 5 of the Voting Rights Act of 1965, as amended.
“The Court further concludes that a reading of Act 611, § 1(f), as urged by Farnell.is overly technical in view of the fact that the date the amendment is proclaimed ratified by the Secretary of State will be noted in the official documents contained within the Secretary of State’s office, the historical annotation contained in the Alabama Code, and perhaps in other official archives of the State. In this Court’s opinion, no argument can reasonably be made that the amendment operates prospectively.”
Based on the foregoing, we affirm.
AFFIRMED.
HOOPER, C.J., and MADDOX, ALMON, and COOK, JJ., concur.